# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

JOSE MANUEL ALMONTE,

    Petitioner,

v.

T. JOHNS; LORETTA LYNCH; and UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 5:15-cv-35

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jose Manuel Almonte ("Almonte"), who was formerly incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. 1.) Respondent filed a Motion to Dismiss. (Doc. 7.) Almonte filed a Response to this Motion. (Doc. 8.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS** Almonte's Section 2241 Petition, and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Almonte *in forma pauperis* status on appeal.

## BACKGROUND

Almonte was found guilty after a jury trial in the District of New Jersey of conspiring to manufacture and distribute 100 grams of heroin and possessing with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841 and 846. (Doc. 7-1, pp. 3, 6.)

---

[1] Though Almonte is no longer incarcerated, his sentence included a three-year period of supervised release. Because a period of supervised release presents a collateral consequence of Almonte's sentence, see Watkins v. Haynes, 445 F. App'x 181, 183 (11th Cir. 2011) (holding that a period of supervised release following a term of imprisonment presents a collateral consequence of a petitioner's sentence), Almonte's petition satisfies the case or controversy requirement and, therefore, is not moot.

Almonte was sentenced to 60 months' imprisonment and three years of supervised release. (Id. at p. 6.) Almonte filed an appeal with the Third Circuit Court of Appeals, challenging the district court's denial of his motion to suppress. (Doc. 7-3.) The Third Circuit affirmed the judgment of the District of New Jersey. United States v. Almonte, 537 F. App'x 64 (3d Cir. 2013).

In 2014, Almonte filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the District of New Jersey. (Doc. 7-5, p. 1.) Almonte asserted: trial counsel was ineffective by failing to raise a motion for a judgment of acquittal, failing to present evidence of a co-conspirator's conversation with a third party, and preventing Almonte from testifying at trial; the prosecution did not present sufficient evidence to warrant conviction; and the trial court erred by denying his suppression motion. (Id. at p. 3.) In denying Almonte's motion, the District of New Jersey determined that Almonte's ineffective assistance of counsel claims were without merit, his suppression motion claim was procedurally barred, and he failed to show "good cause" for failing to raise the sufficiency of the evidence claim on direct appeal. (Id. at pp. 7–8.)

**DISCUSSION**

In his instant Petition, filed on May, 14, 2015, Almonte again asserts he received ineffective assistance of counsel. (Doc. 1-1, pp. 2–3.) Almonte argues that his counsel first erred by failing to cite Georgia v. Randolph, 547 U.S. 103 (2006), and Fernandez v. California, ___ U.S. ___, 134 S. Ct. 1126 (Feb. 25, 2014), in a motion to suppress. (Id. at p. 5.) According to Almonte, these cases establish that the warrantless search of his apartment was unconstitutional. (Id.) Almonte maintains that, had counsel cited these cases, the trial court would have suppressed the evidence of heroin found in Almonte's apartment, and he would have been acquitted. (Id.) Almonte also avers that defense counsel prevented him from testifying at

trial and failed to object when Almonte's co-conspirator offered perjured testimony. (Id. at pp. 3–4.) Almonte further argues that counsel erred by failing to present evidence of a conversation between Almonte's co-conspirator and a third party and by failing to present an exculpatory affidavit during sentencing. (Id. at p. 4.)

Respondent asserts Almonte fails to satisfy 28 U.S.C. § 2255's savings clause and cannot proceed on the merits of his Section 2241 petition. (Doc. 7, p. 5.) Respondent avers that Almonte's claims attack the validity of his sentence, and therefore must be brought pursuant to Section 2255. (Id.) Because Almonte filed a previous Section 2255 claim, Respondent maintains that Almonte may not bring a second or successive petition without permission from the circuit court. (Id.)

In response, Almonte cites, without explanation, Begay v. United States, 553 U.S. 137 (2008), Chambers v. United States, 555 U.S. 122 (2009), and Johnson v. United States, 559 U.S. 133 (2010). (Doc. 8, p. 1.)

**I.    Section 2241 Petition**

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013), *abrogation on other grounds recognized by* United States v. Hill, 799 F.3d. 1318, 1321 n.1 (11th Cir. 2015). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provides two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, Wofford's holding establishes two necessary conditions— although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the

4

merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

Almonte previously brought a Section 2255 motion in the district of his conviction, and he raised the same issues in that motion as he does in the instant Petition. Almonte's Section 2255 motion was denied as bringing procedurally defaulted claims or claims without merit, and he fails to cite any Third Circuit precedent which foreclosed his claims on this previous occasion.

The mere fact that a Section 2255 motion is procedurally barred by Section 2255's statute of limitations or restriction on second or successive motions does not make that Section's remedy inadequate or ineffective. See Jones v. Warden, FCC Coleman, Medium, 520 F. App'x 942, 945 (11th Cir. 2013). Though Almonte states he is proceeding under Section 2241, it is evident he is attempting to bring a second or successive Section 2255 motion pursuant to Section 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Almonte fails to set forth any newly discovered evidence which establishes his innocence or any retroactively applicable Supreme Court decision which was previously unavailable to him;[2] thus,

---

[2] In his Petition, Almonte cites Georgia v. Randolph, 547 U.S. 103 (2006), and Fernandez v. California, ___ U.S. ___ 134 S. Ct. 1126 (Feb. 25, 2014), to argue that his claim satisfies the savings clause of Section 2255. (Doc. 1-1, p. 5.) However, Randolph was decided prior to Almonte's trial and, therefore, was not previously unavailable. In Fernandez, the Supreme Court declined to extend the holding of

5

Almonte does not fulfill the first condition to invoke the savings clause or to proceed under Section 2255(h). Because Almonte has not satisfied the requirements of Section 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005).

Based on these reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Almonte's Section 2241 Petition.

## II.   Leave to Appeal *In Forma Pauperis*

The Court should also deny Almonte leave to appeal *in forma pauperis*. Though Almonte has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit

---

Randolph to the facts of Fernandez and, therefore, did not announce a new rule of constitutional law. Fernandez, ___ U.S. at ___, 134 S. Ct. at 1130. In his Response to Respondent's Motion to Dismiss, Almonte now cites three United States Supreme Court decisions interpreting whether various offenses qualify as "violent felonies" under the Armed Career Criminal Act (ACCA). Because Almonte was not sentenced under the ACCA, these cases are inapposite to Almonte's claims.

either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Almonte's Petition and the Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion to Dismiss, (doc. 7), **DISMISS** Almonte's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), and **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Almonte and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA